IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BEN H. ANDERSON, et al., | : |
| Plaintiffs, | : |
| v. | : Civil Action No. 1:11-cv-2258-CC |
| KING AMERICA FINISHING, INC., et al., | : |
| Defendants. | : |

**DEFENDANTS' OPPOSITION TO
PLAINTIFFS' MOTION FOR LEAVE TO AMEND
PLAINTIFFS' COMPLAINT PURSUANT TO FED. R. CIV. P 15(a)(2)**

The Defendants do not consent to filing of the Amended Complaint as proposed and respectfully request that the Plaintiffs' Motion to Amend Plaintiffs' Complaint be denied as filed.  Though Rule 15(a)(2) provides that "[t]he court should freely give leave [to amend a pleading] when justice so requires," amendments should be denied for certain apparent or declared reasons, such as "undue delay, bad faith or dilatory motive on the party of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *McKinley v. Kaplan*, 177 F.3d 1253, 1258 (11th Cir. 1999).

Here, the amendment should be denied on the grounds of bad faith, undue prejudice, and futility because (1) Plaintiffs' true justification for the complaint's amendment is unclear, (2) Plaintiffs fail to clearly, concisely, and consistently redefine the proposed sub-classes, and (3) Plaintiffs raise the new and futile cause of action for inverse condemnation, which is not supported by the undisputed facts or law.  Further, the court should also deny the motion as an improper renewed motion to remand because, under the law of this Circuit, post-removal amendments to the pleadings cannot have any bearing on this court's determination of jurisdiction.

## ARGUMENT AND CITATION OF AUTHORITIES

**I.   Plaintiffs' Amendments exceed, and in some cases, conflict with, the justification offered in their Motion.**

Plaintiffs assert that they seek to amend their complaint merely "to change Plaintiffs' class definitions of the 'Property Damage Class' and the 'Personal Injury Class'" in order to provide "greater specificity to ensure that all putative class members' citizenship is clear."  (Pls.' Mot. To Amend at 1 & 2).  However, each of the sub-class definitions proposed in the motion, the memorandum in support, and the Proposed Amended Complaint vary materially such that the proposed definitions either fail to clarify the citizenship of the class, expand the classes far beyond their previous definitions, or both.  As the actual amendments

do not reflect the Plaintiffs' stated intent in amending the complaint, the Defendants are left in the untenable and unjust position of responding to poorly articulated and/or inconsistent changes in the Plaintiffs' substantive legal positions. Further, as some of the proposed definitions greatly expand the potential class membership as written, Defendants would be prejudiced as they have already answered the complaint and filed a motion to dismiss based on the allegations as limited in the original complaint.  Additionally, Plaintiffs have, in apparent bad faith, proposed changes completely unrelated to the citizenship of class members, despite their representation that this was the only change (*see* Preamble to Proposed Amended Complaint).  Therefore, the amendment as proposed should be denied.

> **A.    The lack of concise and consistent sub-class definitions in either the motion to amend or the proposed amended complaint warrant denial of the Motion.**

The original complaint defined the Property Damage Class as:

> ***All possessors of property*** affected, directly or indirectly, by Defendants' release of chemicals into the waters of the Ogeechee River.

*See* Complaint ¶ 26 (emphasis added).  Between the Motion, the Memorandum in Support, and the Proposed Amended Complaint, Plaintiffs have offered two

3

different proposals for the definition of the same "Property Damage Class." The first amended definition of the sub-class is:

> ***All Georgia citizens*** affected, directly or indirectly, by Defendants' release of chemicals into the waters of the Ogeechee River.

Motion to Amend 1-2 (emphasis added); *see also* Memo at 4 (noting that Plaintiffs seek to change subclass from 'all possessors of property' to 'all Georgia citizens.'"); Memo at 5 (noting that the change would be: "All Georgia citizens"); Amended Compl., Preamble, ¶ 26, & Prayer for Relief at p. 23(f) (same). Notably, this proposed definition expands the subclass from property owners who were affected by the alleged release to ***any Georgia citizen*** who was ***in any way*** allegedly affected. Arguably, this newly defined class is at least co-extensive with the Personal Injury Class and is more expansive than the previous Property Damage Class definition because it is not limited in any way by traditional concepts of property ownership. Further, Plaintiffs amended Paragraph 47 of their complaint to expand the injury suffered by the Property Damage Class to include all damages suffered by all members, rather than damages to their properties as alleged in the original complaint.

Alternatively, the memorandum offers a second amended definition of the same purported sub-class:

4

> ***All citizens of Georgia that possess property*** affected, directly or indirectly, by Defendants' release of chemicals into the waters of the Ogeechee River.

Memorandum at 3, 4, & 6 (emphasis added). While this definition may match the Plaintiffs' stated justifications for amending their complaint, this language is not offered in either the Motion to Amend or the Proposed Amended Complaint, which are presumably the documents that matter in this instance.

Likewise, the various proposed definitions of the "Personal Injury Class" vary from pleading to pleading. The Complaint initially defined the Personal Injury Class as:

> All persons who have been exposed, directly or indirectly, with the waters of the Ogeechee River that had been contaminated by the Release.

Compl. ¶ 26. In the Motion to Amend, the Memorandum, and in various places in the Proposed Amended Answer, the Plaintiffs offer the sub-class definition as it appeared in the original Complaint. *See* Motion at 2; Memo at 3 & 6; Am. Compl. ¶ 2. Only in Paragraph 26 of the Proposed Amended Complaint do the Plaintiffs change the sub-class definition for the Personal Injury Class to:

> All Georgia citizens who have been exposed, directly or indirectly, with the waters of the Ogeechee River that had been contaminated by the Release.

Am. Compl. ¶ 26; Prayer for Relief at p. 23(e).

5

Until the Plaintiffs clarify their amendments, it is impossible for Defendants to know what, if any, prejudice it will suffer from the amendments. But, Defendants are certainly prejudiced in responding to this motion by virtue of the inconsistent treatment of the class definitions. Further, the Plaintiffs have, in apparent bad faith, proposed certain changes in the motion and memorandum that are not reflected in the proposed complaint, and have proposed certain changes in the proposed amended complaint that are not set forth in the motion and memorandum. Therefore, Defendants urge the Court to deny the motion and the amendment of the complaint as written.[1]

### B. Amended language throughout the Complaint despite a representation that "All else remains the same" warrants denial of the Motion.

Plaintiffs represent to the Court in the Preamble of the Amended Complaint that the sole purpose of the amendment is to change the class definitions and that "All else remains the same." Amended Complaint, Preamble, at 1-2. This representation is false. In addition to the more glaring discrepancies noted in detail above, Plaintiffs made changes to at least 33 paragraphs, including Paragraphs 2, 3,

---

[1] Further, given these inconsistencies throughout the motion, brief, and amended complaint, Defendants object to any attempt by Plaintiffs to "correct" them in a reply brief, as such efforts would compound the prejudice to Defendants. Rather, the motion should simply be denied.

4, 17, 18, 22, 24, 26, 30, 32, 35, 39, 47, 49, 50, 52, 53, 54, 57, 58, 59, 65-71, 73, 76, 78, 83, 86, and in the Prayer for Relief.  While some of these changes are relatively minor additions or deletions, others affect the claims against Defendants in a more significant and substantive manner, such as the miles of river allegedly affected by the fish kill (*see* ¶ 18), the amount of river frontage owned by Plaintiff Anderson (*see* ¶ 3), and the addition of a claim for inverse condemnation.  These changes to the complaint – despite Plaintiffs' clear representation to the contrary – reflect at least the appearance of bad faith; therefore, the Court should deny the Motion.

      **C.**    **Amendment is futile because there is no basis in law for Plaintiffs' new inverse condemnation claim.**

In addition to attempting to amend the class definitions in inconsistent ways, the Amended Complaint adds an entirely new cause of action that is not grounded in either the undisputed facts or law.  "The court has found that denial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal."  *Hall v. United Ins. Co.*, 367 F.3d 1255, 1262-63 (11th Cir. 2004); *see also Nelson v. Whirlpool Corp.*, 727 F. Supp.2d 1294, 1305 (N.D. Ala. 2010) (noting that "futility is judged under the same criteria as a motion to dismiss").  Here, allowing amendment of the Complaint to add a cause of action for inverse

7

condemnation is clearly futile for several reasons, and thus the amendment should be denied.

First, an inverse condemnation claim applies only to governmental entities. "Where there has been a physical invasion, either temporarily or continuously, of the property of a person ***by a governmental entity*** that causes damage, such invasion of the property rights may give rise to inverse condemnation where no compensation has first been paid ***for such governmental damage***." *Hammond v. City of Warner Robins*, 224 Ga. App. 684, 692, 482 S.E.2d 422 (1997) (citations omitted) (emphasis added).  Defendants cannot find any case law supporting an inverse condemnation action against a private entity that has not been expressly empowered to exercise eminent domain by statute (such as MARTA, railroads, and utilities), and there is no allegation in the proposed complaint that any of the Defendants have been similarly empowered.  Therefore, the inverse condemnation would be dismissed for failure to state a claim if allowed through the amendment.

Second, Georgia law prohibits parties from recovering the same damages under both an inverse condemnation theory and a nuisance theory. *Hammond v. City of Warner Robins*, 224 Ga. App. 684, 693, 482 S.E.2d 422 (1997); *see also Shealy v. Unified Government of Athens-Clarke Cnty.*, 244 Ga App. 853, 858 (2000) (noting that claims for nuisance and trespass are duplicative of inverse

condemnation claim arising from exact same occurrence with same measure of damages). Here, Plaintiffs' inverse condemnation claim seeks damages stemming from their alleged inability to use and enjoy their properties in the manner which they desire, and the alleged decrease in the aesthetic and monetary value of their land. *See* Am. Compl. ¶¶ 66-67, 71. These are the exact same damages alleged in the Complaint ¶¶ 50-53, 55 and realleged in their Amended Complaint, ¶¶ 50-53, 55, under nuisance and trespass. Because Plaintiffs' inverse condemnation claim has no basis in law or fact, amending the complaint to add this claim would be futile, and Plaintiffs' amendment should not be approved by the court.

## II. Plaintiffs' Motion is an impermissible attempt to improperly influence the Court's determination of jurisdiction.

Though styled as a Motion to Amend the Complaint, the thinly-veiled purpose of the amendment is to alter jurisdictional facts in support of Plaintiffs' motion to remand. Any attempts to amend jurisdictional facts at this stage of the litigation, however, are futile.

This is because a district court is obligated "to review the propriety of removal on the basis of the removing documents." *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1211 (11th Cir. 2007). Where the case is being removed on the basis of the initial complaint rather than an amended pleading, motion, order, or other paper, 28 U.S.C. § 1446(b), the court assesses the removal on the basis of

9

that complaint and the notice of removal. *Id.* at 1213-14. A post-removal amended complaint which provides a new class definition may not be considered for purposes of determining subject matter jurisdiction under CAFA. *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1331 (11th Cir. 2006) (affirming remand after being persuaded that district court did not impermissibly rely on amended complaint to determine jurisdictional amount) (citing *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1097 n. 13 (11th Cir. 1994) ("Jurisdictional facts are assessed on the basis of plaintiff's complaint *as of the time of removal.*"); *Williams v. Best Buy Co.,* 269 F.3d 1316, 1319 (11th Cir. 2001) ("[A] district court may properly consider post-removal evidence in determining whether the jurisdictional amount was satisfied *at the time of removal.*") (emphasis added)).

In *Miedema*, the Eleventh Circuit confirmed that CAFA did nothing to change a court's consideration of subject matter jurisdiction on a motion to remand. In challenging a district court's remand order, Maytag argued that the court impermissibly considered a revised class definition in Plaintiffs' amended complaint that limited the appliances at issue in the case, and thus the amount in controversy.[2] *Miedema*, 450 F.3d at 1331. While the court affirmed the remand, it

---

[2] The original complaint defined the putative class as "*all* purchasers of Maytag ranges/ovens, in the State of Florida" while the amended complaint limited the putative class

emphasized that consideration of a revised class definition in an amended complaint is not permitted.  *Id.*  District courts have followed the rule that post-removal revisions to the complaint generally do not effect subject matter jurisdiction whether the proposed amendment limited the amount in controversy as in *Miedema* or completely eliminated a federal claim that was the basis for the court's jurisdiction over state claims.  *See Wilson v. BB&T Mortgage*, No. 1:10-cv-1234-RWS, 2010 WL 2640603 at*1 (N.D. Ga. June 29, 2010) (quoting *Rockwell Int'l Corp. v. U.S.*, 549 U.S. 457, 474 n. 6, 127 S.Ct. 1397, 167 L.Ed.2d 190 (2007)) (noting that "an amendment eliminating the original basis for federal jurisdiction generally does not defeat jurisdiction."); *see also Nelson v. Whirlpool Corp.*, 727 F. Supp. 2d 1294, 1303-1305 (S.D. Ala. 2010).

Consistent with this Circuit's approach, the Seventh Circuit has held that even the post-removal elimination of all class claims in an amended complaint does not justify remand of a case removed on the basis of CAFA.  *See In re: Burlington Northern Santa Fe Ry. Co.*, 606 F.3d 379 (7th Cir. 2010).  Such an approach is consistent with Congress's intent to expand the scope of federal subject matter jurisdiction by enacting CAFA.  As the legislative history provides:

---

definition to "*all* purchasers of Maytag ranges/ovens, in the State of Florida, *which contain the allegedly defective motorized door latch assembly*." *Id.* at 1331 (emphasis in original).

> The law is clear that, once a federal court properly has jurisdiction over a case removed to federal court, subsequent events generally cannot "oust" the federal court of jurisdiction. While plaintiffs undoubtedly possess some power to seek to avoid federal jurisdiction by defining a proposed class in particular ways, they lose that power once a defendant has properly removed a class action to federal court.

Judiciary Committee Report on Class Action Fairness Act, S. Rep. No. 109-14 (1st Sess. 2005), reprinted in 2005 U.S.C.C.A.N. 3, 2005 WL 627977, at *43.

Here, the Plaintiffs have explicitly stated in their motion to amend that they are seeking to affect the court's determination of jurisdiction.  *See* Motion at 2; Memo at 2-3 (noting that the purpose of the amendment is to settle the disagreement about whether Plaintiffs' classes, as pled in the complaint, meet the citizenry requirements of under CAFA's "local exception" rule).  However, under the clear precedent of the Circuit, the court should consider only the removing documents, *i.e.*, the original complaint and notice of removal, in determining this Court's jurisdiction.  To hold otherwise would violate clear precedent and allow this Court's jurisdiction to be based on after-the-fact gamesmanship and amended pleadings rather than the jurisdictional facts as presented at removal of the case.

## CONCLUSION

For the reasons set forth above, Defendants respectfully request the Court deny Plaintiffs' Motion For Leave to Amend Plaintiffs' Complaint Pursuant to Fed. R. Civ. P. 15(a)(2).  The amendments suggested are prejudicial to Defendants,

made with apparent bad faith, and are futile.  Further, Defendants ask the Court to prohibit the introduction of a post-removal amendment as a basis for remand contrary to clear circuit precedent.

Respectfully submitted, this the 19th day of December, 2011.

/s/ Jody M. Rhodes
Lee A. DeHihns, III
  Georgia Bar No. 216259
  lee.dehihns@alston.com
Jonathan E. Wells
  Georgia Bar No. 747819
  jonathan.wells@alston.com
Jody M. Rhodes
  Georgia Bar No. 429346
  jody.rhodes@alston.com

ALSTON & BIRD, LLP
One Atlantic Center
1201 W. Peachtree Street
Atlanta, GA 30309-3424
(404) 881-7000 (telephone)
(404) 253-8126 (facsimile)

*Attorneys for Defendants King America Finishing, Inc., Michael A. Beasley, and Billy T. Parrish*

## CERTIFICATE OF SERVICE

I hereby certify that on this the 19th day of December, 2011, the foregoing DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND PLAINTIFFS' COMPLAINT PURSUANT TO FED. R. CIV. P 15(a)(2) has been served by CM/ECF on all counsel of record.

          Respectfully submitted,

          /s/ Jody M. Rhodes
          Jody M. Rhodes